**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

In re:

Brian Michael Graber

      Debtor.

Case No. 07-10346 MER

Chapter 7

**ORDER DENYING EMERGENCY MOTION TO REOPEN
AND FOR ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court on the Emergency Motion to Reopen Case and to Enforce Discharge Injunction and for Sanctions Pursuant to 11 U.S.C. § 350(b) and the Motion for Order to Show Cause why the Department of the Air Force and Defense Finance and Accounting Service Should not be Held in Civil Contempt for Willful Violation of the Discharge Injunction (collectively, "**Motions**").[1]  There were no responses to the Motions.

**BACKGROUND**

The Debtor filed the underlying bankruptcy case under Chapter 7 of the Bankruptcy Code on January 17, 2007.  The Debtor listed the Department of Air Force and Defense Finance ("**DFAS**") as an unsecured creditor.  On March 19, 2007, DFAS sent the Debtor a letter indicating that the debt owing to it is excepted from the Debtor's discharge, and that it would resume collection activity.[2]  DFAS sent follow-up correspondence on June 18, 2007, again advising the Debtor that the debt owed to it is nondischargeable because it is an educational debt (i.e., a student loan).[3]  Along with the correspondence, DFAS included a copy of the Debtor's April 30, 2007, Order Discharging Debtor ("**Discharge Order**").[4]  The Discharge Order clearly states that student loan debts are nondischargeable.[5]  On May 16, 2026, DFAS sent the Debtor another correspondence asserting that the debt owing to it was not discharged in the Debtor's bankruptcy case because the Court did not make a finding of undue hardship as required by 11 U.S.C. § 523(a)(8).[6]

Notwithstanding the correspondences with the DFAS, the Debtor filed the instant Motions on May 22, 2026, asserting that DFAS has violated the discharge injunction for

---

[1] ECF Nos. 16 & 17.

[2] ECF No. 17 at 7.

[3] *Id.* at 8.

[4] ECF No. 13.

[5] *Id.* at 2.

[6] ECF No. 17 at 5.

thirteen years by seizing over $14,000.00 from the Debtor's federal tax refunds to satisfy the debt owing to it.  As such, the Debtor requests the Court reopen his case, issue an order to show cause as to why DFAS should not be held in contempt for violating the discharge injunction, and order the return of the monies allegedly seized by DFAS, plus interest.

## ANALYSIS

Pursuant to 11 U.S.C. § 350(b), "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  Generally, bankruptcy courts have broad discretion in determining whether to reopen a case.[7]  While the court has a duty to reopen a case in some instances, such as when the estate has not been fully administered, a court will not have abused its discretion in deciding not to reopen a case if doing so would not afford the moving party any relief.[8]  "If substantive relief cannot be granted, then reopening a case would be futile and a waste of judicial resources."[9]

In this instance, the Court would not be able to afford the Debtor substantive relief if the case were reopened.  Indeed, the Debtor's request is premised on the argument that DFAS violated the discharge injunction because the debt owed to it was discharged, as DFAS did not file an adversary proceeding to have the debt determined nondischargeable.  The Debtor's argument misunderstands the rules regarding the dischargeability of student loan debt.  The Debtor does not dispute DFAS's debt is an educational debt.  Pursuant to § 523(a)(8), educational debts are presumed nondischargeable unless the debtor makes a showing that such debt would impose an undue hardship on the debtor and their dependents.[10]  "[S]ection 523(a)(8) is intended to be self-executing, and the creditor need not file a complaint to determine the nondischargeability of any student loan."[11]  In other words, the educational debt owing to DFAS was presumed to be nondischargeable, and it was the Debtor's burden to initiate an adversary proceeding and show the debt imposed an undue hardship upon him if he wanted the debt discharged.  Even a case cited by the Debtor supports this finding.  In *United Student Aid Funds, Inc. v. Espinosa*, the Supreme Court  held that § 523(a)(8) requires a bankruptcy court to make a finding of undue hardship before discharging a student loan debt.[12]  In this case, the Debtor did not initiate an adversary

---

[7] *In re Riazuddin*, 363 B.R. 177, 184 (10th Cir. BAP 2007)

[8] *Id.*

[9] *In re Jester*, BAP No. EO-15-002, 2015 WL 6389290, at *11 (10th Cir. BAP Oct. 22, 2015).

[10] 11 U.S.C. § 523(a)(8)(A)-(B); see *In re Penn*, 262 B.R. 788, 791 (Bankr. W.D. Mo. 2001) ("The Courts construe this language to mean that student loans are presumed nondischargeable, and the debtor must seek an affirmative determination that student loan obligations are discharged."). Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code.

[11] *In re Penn*, 262 B.R. at 791.

[12] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 274-75 (2010) ("Instead, § 523(a)(8) requires a court to make a certain finding before confirming the discharge of a student loan debt. It is true we explained in Hood, that this requirement is 'self-executing.' But that means only that the bankruptcy court must make an undue hardship finding . . .."). The other case cited by the Debtor, *Taggart v. Lorenzen*,

proceeding or otherwise make a showing that DFAS's debt imposed an undue hardship on him and should therefore be discharged.  As such, DFAS's debt was not discharged in the Debtor's bankruptcy, and DFAS has not violated the discharge injunction.[13] Accordingly,

THE COURT ORDERS the Motions are DENIED.

Dated June 16, 2026                                          BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

does not involve an educational debt and thus is inapplicable here. *Taggart v. Lorenzen*, 587 U.S. 554 (2019).

[13] *In re Stone*, 180 B.R. 499, 502 (Bankr. M.D. Tenn. 1995) ("Because the note is a loan or educational benefit excepted from discharge by § 523(a)(8), the predicate for violation of the discharge injunction in § 524(a) is missing.").